UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINIDAD PEREZ,

        Petitioner,                   Case Number: 07-CV-13579

v.                                     HON. VICTORIA A. ROBERTS

C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Trinidad Perez has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Facility in Milan, Michigan, challenges the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as a halfway house. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus.

I.

Petitioner does not identify in his petition the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's inmate locator database lists Petitioner's projected release date as July 20, 2013.[1]

---

[1] The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location and projected release dates of federal inmates.

In his pleadings, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which categorically limit the BOP's authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is less.

II.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that petitioner lacks standing to bring this action.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury "must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is . . . concrete and particularized.'"

---

The Court is permitted to take judicial notice of information on the Inmate Locator Service. See Fed. R. Evid. 201(c); *Hill v. Eichenlaub*, No. 06-CV-13711, 2007 WL 772913, * 1 (E.D. Mich. March 12, 2007) (Steeh, J.).

*Raines v. Byrd*, 521 U.S. 811, 819 (1997), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In this case, Petitioner has not alleged facts to establish that he has standing to bring this habeas action. He has not shown that the BOP has applied the disputed policy to him. Given this circumstance, the Court finds that Petitioner has failed to establish that he has Article III standing to bring this action. See *Delano v. Eichenlaub*, No. 07-13287, 2007 WL 2571952 (E.D. Mich. September 05, 2007) (Duggan, J.) (holding that federal inmate who failed to show that the BOP's disputed policy had been applied to deny him consideration for CCC placement lacked standing to file to challenge the policy); *Ortiz v. Eichenlaub*, No. 2:07-CV-13525, 2007 WL 2572014 (E.D. Mich. September 05, 2007(Taylor, J) (same); *Rivera v. Willingham*, No. 3:06-CV-315, 2006 WL 2038359, *3 (D. Conn. July 18, 2006) (petitioner lacked standing to challenge BOP policy where BOP had not yet considered her eligibility for CCC placement). His petition must therefore be dismissed.

III.

The Court concludes that Petitioner has not established that he has standing to bring this action. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 21, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 21, 2008.

s/Carol A. Pinegar
Deputy Clerk